UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Ontavious Derenta Plumer, | ) | Civil Action No.: 2:19-cv-01551-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Officer Collier, Lt. Taylor, Officer | ) | |
| Banks, and Officer Harden, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging Defendants—four prison officials— violated the Eighth Amendment by being deliberately indifferent to his safety and medical needs.  This matter is before the Court for review of a Report and Recommendation ("R & R") of United States Magistrate Judge Mary Gordon Baker on Defendants' Second Motion for Summary Judgment.[1]  *See* R & R,  ECF No. 154.

### **Standard of Review**

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

In the absence of objections to the R & R, the Court is not required to give any explanation

---

[1]     The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.).

for adopting the Magistrate Judge's recommendations. *See Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

### Discussion

The Magistrate Judge recommends that Defendants' Second Motion for Summary Judgment be granted because Plaintiff failed to exhaust his available administrative remedies prior to filing this civil action.[2] *See* ECF No. 154 at 7–19.

Plaintiff did not file objections to the R & R, and Defendants agree with the Magistrate Judge's recommendation that this Court grant their motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies.[3] *See* ECF No. 157.

Thus, discerning no clear error, the Court **ADOPTS IN PART** the R & R as it relates to Plaintiff's failure to exhaust administrative remedies, **GRANTS** Defendants' Second Motion for Summary Judgment, and **DISMISSES** Plaintiff's claims *without prejudice* for failure to exhaust administrative remedies. The Court **DIRECTS** the Clerk to close this case.

**IT IS SO ORDERED.**

---

[2]    The Magistrate Judge alternatively addresses the merits of Plaintiff's claims should this Court decline to find Plaintiff failed to exhaust his administrative remedies, in which case, the Magistrate Judge recommends that summary judgment should be (1) denied as to Plaintiff's failure to protect claims against Defendants Collier, Banks, and Harden, and (2) granted as to Plaintiff's claims for failure to protect and deliberate indifference to Plaintiff's serious medical needs against Defendant Taylor. *See* ECF No. 154 at 19–32.

[3]    The Court need not address Defendants' objections concerning the merits of Plaintiff's claims because the Court is granting summary judgment based on Plaintiff's failure to exhaust.

2

Florence, South Carolina

October 7, 2021

s/ R. Bryan Harwell

R. Bryan Harwell

Chief United States District Judge